UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JENA K. PAIGE and JAMAL M. PAIGE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:11-cv-54 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION and ORDER**

Plaintiffs, proceeding *pro se*, filed a Complaint [DE 1] along with a Motion for Leave to Proceed *In Forma Pauperis* [DE 3]. As explained below, however, Plaintiffs' Complaint is frivolous and fails to state a claim on which relief may be granted. Thus, pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiffs' Motion is denied and their Complaint is dismissed.

**BACKGROUND**

Plaintiff Jena K. Paige was discharged from the Air Force on June 2, 2006. [DE 1 at 21.] She subsequently filed an appeal with the Air Force Discharge Review Board seeking to have the discharge upgraded to "honorable," which the Review Board denied. [*Id.* at 20.] Since 2006, Paige has filed numerous civil cases against the United States or the Air Force in the District Court for the Southern District of Georgia, all contending that her military discharge was fraudulent. *See*, *e.g.*, *Paige v. United States*, 4:2010-cv-210 (S.D. Ga. Sept. 13, 2010); *Paige v. United States Air Force*, 4:2009-cv-182 (S.D. Ga. Nov. 30, 2009); *Paige v. United States*, 4:2008-cv-71 (S.D. Ga. Apr. 8, 2008); *Paige v. United States*, 4:2007-cv-151 (S.D. Ga. Oct. 9, 2007). Each of these cases were dismissed on various grounds, including that Paige had not

1

exhausted her administrative remedies, that the case was barred by the statute of limitations, and/or that the case was frivolous. *See*, *e.g.*, 4:2010-cv-210, DE 5 at 2 ("As the Court has repeatedly explained to her, her claims are frivolous, duplicative, and time-barred."). In fact, after its most recent decision, the Southern District of Georgia took the step of enjoining Paige from filing any more complaints in that court related to her military discharge. *In Re Jena Paige*, 4:2010-mc-40 (S.D. Ga. Sept. 30, 2010), DE 1 at 3 ("[Paige] is advised that her crusade against the United States is at an end. Paige should be **ENJOINED** from filing any further complaints relating to her discharge from the United States Air Force. Should she file another such complaint, she will be subject to contempt sanctions for violating the Court's injunction.") and DE 2 (adopting that recommendation).

No longer able to file complaints in the Southern District of Georgia, Paige has instead filed the present suit in this Court. Once again, this Complaint is focused on her military discharge. The Complaint also asks for a review of the adverse decisions she received from the Southern District of Geogia and the Eleventh Circuit Court of Appeals in one of the aforementioned prior proceedings. Paige seeks relief for "being fraudulently discharged from the United States Air Force, and For the Torts of omission, failure to act, and malicious prosecution from the United States Officers Acting within the scope of their offices, such as the U.S. District Court, U.S. Court of Appeals, and the United States District Attorney's Office." [DE 1 at 11; all capitalization in original.]

The other Plaintiff, Jamal Paige, is Paige's seven year-old son. [DE 3 at 2.] There is no indication as to what his claim against the United States might be.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, Paige's filings reflect that her monthly income (from an unnamed source) is $394.00 per month. She reports that she also gets between $100 to $200 a month in child support and has approximately $10.00 cash on hand. Paige has sufficiently established that she is unable to prepay the filing fee.

The inquiry does not end there, however. District courts are required under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and courts must dismiss a complaint if it is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). This case is certainly frivolous – the Southern District of Georgia has already found Paige's similar cases were frivolous and barred her from any further filings — and, thus, I must dismiss it on that ground alone.

In addition, the case fails to state a claim on which relief may be granted. Courts apply

the same standard under § 1915(e)(2)(B)(ii) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). To survive a motion to dismiss under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Here, Plaintiffs' allegations do not state a plausible claim for relief. With respect to any of Paige's claims relating to her discharge from the Air Force, those claims are foreclosed by the *res judicata* effect of all the aforementioned decisions from the Southern District of Georgia and the Eleventh Circuit. Those cases each reached a final judgment on the merits and each had the same parties, the same operative facts, and the same causes of action as the present case. *See Cent. States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002) (reciting the elements of *res judicata*). As a result, any of Paige's claims related to her military discharge are barred.

With respect to any claims regarding the adverse rulings she received from the Southern District of Georgia and the Eleventh Circuit, I have no jurisdiction to reverse those decisions. 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."); 28 U.S.C. § 1254 ("Cases in the courts of appeals may be reviewed by the Supreme Court by the following methods . . . .").

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis*

[DE 3] is **DENIED**, and the Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED.**

Entered: March 8, 2011

 s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT